UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SUNIL TORAMALL, DANTE DECAPUA,
SAMUEL DECAPUA, ANTHONY MORROW,
RYAN COSTA,  JOSE MOTA, BRIAN BEAULIEU
and PHILLIP FRIESON,

                Plaintiffs,

**COMPLAINT**

**Docket No.:**

-against-

Jury Trial Demanded

MANHATTAN CONSTRUCTION GROUP LLC,
LV CONSTRUCTION SERVICES LLC.,
and DEWEY FATTORUSSO,

                Defendants.
----------------------------------------------------------------------X

       Plaintiffs, SUNIL  TORAMALL, DANTE  DECAPUA, SAMUEL  DECAPUA,

ANTHONY MORROW, RYAN COSTA, JOSE MOTA, BRIAN BEAULIEU and PHILLIP

FRIESON, (together, collectively, as "Plaintiffs"), on behalf of themselves by and through their

attorneys, Hepworth, Gershbaum & Roth, PLLC, as and for their Complaint against

MANHATTAN  CONSTRUCTION  GROUP  LLC,  ("Manhattan  Construction")  LV

CONSTRUCTION SERVICES LLC. ("LV Construction") and DEWEY FATTORUSSO

("Fattorusso") in his individual capacities, (all, collectively, as "Defendants"), allege upon

knowledge as to themselves and their own actions and upon information and belief as to all other

matters as follows:

**NATURE OF CASE**

     1.  This is a civil action for damages and equitable relief based upon willful violations

committed by the Defendants of Plaintiffs' rights guaranteed to them by: (i) the overtime

provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) overtime provisions

of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 137-1.3; (iii) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL § 195(3); (vi) NYLL §§ 190, 191, and 663 which require that employers pay wages to their employees in accordance with the agreed terms of employment; any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiffs worked for Defendants at their New York City location as construction workers, whose primary duties centered upon the demolishing and reconstructions the interior premises of different buildings in and around Manhattan.

3.  Throughout their employment the Defendants pay period was weekly and the plaintiffs reported their hours each day to the Defendants, either by calling in the hours or texting in the hours to the office. Plaintiffs routinely worked more than 40 hours per week. The days stretched longer than 8 hours often substantially more, with it being common to have weeks where the actual reported hours being more than 60 hours per week. The work week was from Thursday to Wednesday with the Plaintiffs being paid on the next Thursday.

4.  Defendants failed to pay Plaintiffs, and the overtime rate of pay for each hour that they worked per week in excess of forty hours as required by the FLSA, the NYLL, and the NYCCRR.

5.  In addition, the Defendants failed to furnish Plaintiffs with accurate and/or complete wage statements as required by the NYLL on each payday. Plaintiffs bring this action to obtain their lawful minimum wages, including overtime wages and tips.

## JURISDICTION AND VENUE

6.  Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under 29 U.S.C. § 201, *et seq.*

7.  Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

8.  Defendants regularly conduct business in this district.

9.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the events giving rise to the claims alleged in this action occurred in this judicial district.

**PARTIES**

**I.   PLAINTIFFS**

10.   Plaintiff Sunil Toramall ("Toramall") is a resident of 92-09 103 Avenue Ozone Park, New York.

11.   Plaintiff Toramall was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around June 2013 to September 2015.

12.   At all relevant times herein, Plaintiff Toramall is an "employee" entitled to protection as defined by the FLSA, the NYLL and NYCCRR.

13.   Plaintiff Dante Decapua is a resident of 12 School Street, Barnegat, New Jersey

14.   Plaintiff Dante Decapua was employed by Defendants' at their 6 East 32nd Street, New York, New York location, as a construction worker from in or around September 2009 to 2015.

15.   Plaintiff Dante Decapua is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

16.   Plaintiff Samuel Decapua is a resident of 12 School Street, Barnegat, New Jersey.

3

17.	Plaintiff Samuel Decapua was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around March 2011 to July 2015

18.	Plaintiff Samuel Decapua is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

19.	Plaintiff Anthony Morrow ("Morrow") is a resident of 28 MacDonough Street, Brooklyn, NY 11216

20.	Plaintiff Morrow was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around April 2014 to June 2015.

21.	Plaintiff Morrow is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

22.	Plaintiff Ryan Costa ("Costa") is a resident of 328 West 44th Street, Apt. 4B New York, New York.

23.	Plaintiff Costa was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around January 2014 to April 2015.

24.	Plaintiff Costa is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

25.	Plaintiff Jose Mota ("Mota") is a resident of 1204 Shakespeare Ave 5E, Bronx, New York 10452.

26.	Plaintiff Mota was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around July 2012- July 2015.

27.	Plaintiff Mota is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

28.    Plaintiff Brian Beaulieu ("Beaulieu") is a resident of 32 Ackerman St, Nutley New Jersey.

29.    Plaintiff Beaulieu was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or Approximately February 2014-July 2015.

30.    Plaintiff Beaulieu is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

31. Plaintiff Phillip Frieson ("Frieson") is a resident of 530 E. 137th Street, Apt 16H, Bronx, New York 10454.

32.    Plaintiff Frieson was employed by Defendants' at their various Manhattan New York, Construction projects as a construction worker from in or around March 2014 to March 2015.

33.    Plaintiff Frieson is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

## II.    DEFENDANTS

34.    At all relevant times herein, Defendant Manhattan Construction Group LLC is a New York limited liability company doing business as Manhattan Construction with its principal place of business located at 21- 54 45th Ave., Long Island City, NY 11101.

35. At all relevant times herein, Defendant LV Construction Services LLC is a New York domestic limited liability Company with its principal place of business located at 21-54 45th Avenue, Long Island City, New York 11101.

36. At all relevant times herein, Defendant Dewey Fattorusso ("Fattorusso"), was a member of Defendant Manhattan Construction Group LLC and holds ownership interest in Manhattan Construction Group LLC.

37. At all relevant times herein, Defendant Fattorusso, was a member of Defendant LV Construction Services LLC and holds ownership interest in Manhattan Construction Group LLC.

38. At all relevant times herein, Defendant Fattorusso, resides at 37 Long Bow, Wading River, New York 11792.

39. At all relevant times herein, Defendant Fattorusso, held ownership interest in and is a shareholder of Defendant Manhattan Construction Group LLC.

40.  At all relevant times herein, Defendant Fattorusso, held ownership interest in and is a shareholder of Defendant LV Construction Services LLC.

41. At all times relevant to this Complaint, Manhattan Construction Group LLC and LV Construction employ Plaintiffs and other similarly situated employees to work on their behalf in providing labor for their benefit at their restaurants.

42. At all times relevant to this Complaint, Manhattan Construction Group LLC was and is an employer as defined under the FLSA and NYLL.

43. At all times relevant to this Complaint, LV Construction Services LLC, was and is an employer as defined under the FLSA and NYLL.

44. At all times relevant to this Complaint, Defendant Fattorusso was an employer as defined under the FLSA and NYLL, as he had the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

45. At all times relevant to this Complaint, Defendant Fattorusso has and had the power to determine employment policies at Manhattan Construction including, but not limited to, time-keeping and payroll policies.

46. At all times relevant to this Complaint, Defendant Fattorusso have and had the power to determine employment policies at LV Construction including, but not limited to, time-keeping and payroll policies.

47. At all times relevant to this Complaint, Defendant Fattorusso have and had the power to determine employee policies at Manhattan Construction including the power to retain time and/or wage records.

48. At all times relevant to this Complaint, Defendant Fattorusso have and had the power to determine employee policies at LV Construction including the power to retain time and/or wage records.

49. At all times relevant to this Complaint, Defendant Fattorusso was ere actively involved in managing the day to day operations of Manhattan Construction.

50. At all times relevant to this Complaint, Defendant Fattorusso was ere actively involved in managing the day to day operations of LV Construction.

51. At all times relevant to this Complaint, Defendant Fattorusso have and had control over, and the power to change compensation practices at Manhattan Construction.

52. At all times relevant to this Complaint, Defendant Fattorusso have and had control over, and the power to change compensation practices at LV Construction.

53. At all times relevant to this Complaint, Defendant Fattorusso have and had the power to stop any illegal pay practices that harmed Plaintiffs.

54. At all times relevant to this Complaint, Defendant Fattorusso have and had been aware that the pay practices complained of herein are against the law.

55. Upon information and belief , at all relevant times, Defendants annual gross volume of sales made or business done was not less than $500,000.00

### Factual Allegations

56. Plaintiffs are construction workers that are employed by the defendants as such.

57. Defendant Manhattan Construction is and was a construction company that operate in New York State, and are located at 21- 54 45th Ave., Long Island City, NY 11101. Service of process is to be mailed to 37 Long Bow, Wading River, New York, 11792.

58. Defendant LV Construction is and was construction companies that operate in New York State, and are located at 21- 54 45th Ave., Long Island City, NY 11101. Service of process is to be mailed to 37 Long Bow, Wading River, New York, 11792.

59. Defendants work on both private construction and Union Projects.

60. Plaintiff's employment with the Defendants began in or around December 2010 through 2016.

61. Plaintiffs worked for the Defendants as laborers, whose job was to perform assigned tasks at construction sites. These jobs included but were not limited to demolition of existing office and retail space and rebuilding same, including carpentry, sheetrock and other construction jobs.

62. From in or around December 2011 and continuing to 2016 Defendants required Plaintiffs to work, and Plaintiffs did in fact work, 50-60 or more hours per week, all for Defendants' benefit. To work these hours, Plaintiff worked at six days per week, from 6:30 a.m. to 5:30 p.m.

63. Plaintiff Toramall regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked

over 40 per week.  For example, during the week of Ending September10, 2014 Plaintiff worked approximately 57 hours and was only paid a straight wage of 27.04 dollars per hour with no overtime pay

64.  Plaintiff Dante Decapua regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the week of September10, 2014 Plaintiff worked approximately 53 hours and was only paid a straight wage of 18.19 dollars per hour with no overtime pay.

65. Plaintiff Samuel Decapua regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the week of June 19, 2011 Plaintiff worked approximately 70 hours and was paid 18.75 per hour with no overtime pay.

66. Plaintiff Morrow regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the week of September10, 2014 Plaintiff worked approximately 57.5 hours and was only paid a straight wage of 15.69 dollars per hour with no overtime pay.

67. Plaintiff Costa regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the week of June 4, 2014 Plaintiff worked approximately 71 hours and was only paid a straight wage of 16.13 Dollars per hour with no overtime pay.

68. Plaintiff Mota regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per

week.  For example, during the week March 16, 2014 Plaintiff worked approximately 45 hours and was only paid a straight wage of 12.67 dollars per hour with no overtime pay.

69. Plaintiff Beaulieu regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the week March 19, 2014 Plaintiff worked approximately 52 hours and was only paid a straight wage 21.87 dollars per hour with no overtime pay.

70. Plaintiff Frieson regularly worked more than 40 hours a week without getting paid as required both under the FLSA and the NY Labor laws the time and a half for any hours worked over 40 per week.  For example, during the work week ending of July 23, 2014 Plaintiff worked approximately 46 hours and was only paid a straight wage of 12.50 dollars per hour with no overtime pay.

71. Defendant Fattorusso is the sole members and/or shareholders of Manhattan Construction.

72. Defendant Fattorusso is the sole members and/or shareholders of LV Construction.

73. During this time period, the Defendants compensated Plaintiffs for their work at a rate that ranged from approximately $12.00 to $30.00 per hour the exact amount is known to the Defendants from the records required to be maintained by the Defendants

74. Plaintiffs were not paid time and one-half of their hourly wage for every hour that they worked per week on Public Works Projects in excess of forty each week.

SUNIL TORAMALL

75. Defendants did not pay Plaintiff Sunil Toramall the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

76. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Sunil Toramall.

10

### DANTE DECAPUA

77. Defendants did not pay Plaintiff Dante Decapua the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

78. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Dante Decapua.

### SAMUEL DECAPUA

79. Defendants did not pay Plaintiff Samuel Decapua the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

80. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Samuel Decapua.

### ANTHONY MORROW

81. Defendants did not pay Plaintiff Anthony Morrow the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

82. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Anthony Morrow.

### RYAN COSTA

83. Defendants did not pay Plaintiff Ryan Costa the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

84. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Ryan Costa.

### JOSE MOTA

85. Defendants did not pay Plaintiff Jose Mota the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

86. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Jose Mota.

## BRIAN BEAULIEU

87. Defendants did not pay Plaintiff Beaulieu the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

88. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Beaulieu.

## PHILLIP FRIESON

89. Defendants did not pay Plaintiff Frieson the proper overtime wage for all of the time that he was suffered or permitted to work each workweek.

90. Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Frieson.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Unpaid Overtime under the FLSA)

91. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

93. As described above, the Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

94. As also described above, Plaintiffs and FLSA Plaintiffs frequently worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

95. The Defendants' actions were in willful violation of the FLSA.

96. Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that the Defendants paid to them and that which they were legally due under the FLSA's overtime provisions.

97. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Unpaid Overtime under the NYLL and NYCCRR)

98. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99. NYLL § 160 and NYCCRR tit. 12, § 137-1.3 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

100.    As described above, Defendants are "employers" within the meaning of the NYLL while Plaintiffs are "employees" within the meaning of the NYLL.

101.    As also described above, Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate in accordance with the NYLL's and NYCCRR's overtime provisions.

102.    Defendants' actions were in willful violation of the NYLL and NYCCRR.

103.    Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

13

104.        Plaintiffs are also entitled to liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest for Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
(Failure to Furnish Proper Wage Statements in Violation of the NYLL)

105.        Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.        NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

107.        As described above, the Defendants willfully failed to furnish Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

108.        Pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiffs in the amount of $100 for each failure of this sort.

109.        For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs for liquidated damages and attorneys' fees.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages in Violation of the NYLL*

110.        Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

111.        NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

112.        Defendants failed to compensate Plaintiffs at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

113.      Defendants' actions were in willful violation of the NYLL.

114.      Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but were not properly compensated.

115.      Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for Defendants' failure to pay Plaintiffs their wages in accordance with the agreed terms of employment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

I.      Unpaid wages and liquidated damages in the maximum amount allowed under the FLSA;

II.      Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United States Department of Labor regulations, NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

III.      Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendant's failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3);

IV.      Issuance of a judgment declaring that the practices complained of herein are unlawful and in violation of the United States and New York laws;

V.      Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

VI.      Pre-judgment and post-judgment interest, as provided by law;

VII.    An injunction prohibiting Defendants' from violating the, NYLL Article 19, §§ 650, et

seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and

195(3);

VIII.   Attorneys' fees and costs; and

IX.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs demand a

trial by jury in this action.

Dated: New York, New York
        February 6, 2018

Respectfully submitted,

By:    _____
       Charles Gershbaum

       Marc S. Hepworth
       David A. Roth
       HEPWORTH, GERSHBAUM & ROTH, PLLC
       *Attorneys for Plaintiffs*
       192 Lexington Avenue, Suite 802
       New York, New York 10016
       Telephone:    (212) 545-1199
       Facsimile:    (212) 532-3801
       Mhepworth@hgrlawyers.com
       Cgershbaum@hgrlawyers.com
       Droth@hgrlawyers.com
       Rpredovan@hgrlawyers.com