UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUNIL TORAMALL, DANTE DECAPUA,
SAMUEL DECAPUA, ANTHONY MORROW,          ANSWER and
RYAN COSTA, JOSE MOTA, BRIAN             AFFIRMATIVE DEFENSES
BEAULIEU, and PHILLIP EASTON

                      Plaintiffs,          Docket No. 18-CV-01062
                                (AJS)(WDW)

       -against-

MANHATTAN CONSTRUCTION GROUP, LLC,
LV CONSTRUCTION SERVICES LLC, and DEWEY
FATTORUSSO
                   Defendants.

-------------------------------------------------------------X

      The Defendants, MANHATTAN CONSTRUCTION GROUP, LLC ("Manhattan"), LV

CONSTRUCTION SERVICES, LLC ("LV") and DEWEY FATTORUSSO ("Fattorusso")

("collectively these Answering Defendants"), by their Attorneys, GERALD V. DANDENEAU,

P.C., as and for their Answer to the Complaint of the Plaintiffs, respectfully states the following:

## RESPONSE TO NATURE OF THE CASE

      1.     Deny knowledge or information sufficient to form a belief as to those allegations

as set forth in Paragraph "1".of the introductory Nature of the Case.

      2.     Deny each and every allegation set forth in Paragraphs "2", "3", "4" and "5" of

the Complaint as they allege the employment status of the Plaintiffs and any liability to them by

the Defendants.

## AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

      3.     Deny knowledge of information sufficient to a form a belief as to those

allegations as set forth in Paragraphs "6", "7", "8" and "9" of the Complaint.

1

## AS AND FOR A RESPONSE TO THE NATURE OF THE PARTIES

4.      Deny knowledge of information sufficient to a form a belief as to those allegations as set forth in Paragraphs "10", "11" ,"12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32" and "33" of the Complaint.

5.      Admits those allegations as they allege the business status of the Defendants in Paragraphs "34" through and including "55" as they specifically allege the addresses and ownership of the respective Defendants, yet deny each and every allegation set forth in Paragraphs "34" through "55" inclusive as they allege the employer status of the Defendant Fattorusso, LV and Manhattan, the supervisory powers of Fattorusso and the gross volume of business of the Answering Defendants.

**AS AND FOR A RESPONSE TO THE PLAINTIFFS' FACTUAL ALLEGATIONS**

6.      Deny each and every allegation set forth in Paragraphs "56", "58", "6'0, "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "75", "76", "77", "768", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89" and "90" inclusive of the Complaint.

## AS AND FOR THESE ANSWERING DEFENDANTS' ANSWER TO THE FIRST CAUSE OF ACTION

7.      These answering Defendants repeat and restate each and every statement and answer set forth in Paragraph "1" through "6" with the same force and effect as if set forth fully herein.

2

8.      Deny knowledge or information sufficient to form a belief as to those allegation set forth within Paragraph "91" of the Complaint.

9.      Deny each and every allegation set forth in Paragraphs "92", "93", "94", "95", "96" and "97" of the Complaint.

## AS AND FOR THESE ANSWERING DEFENDANTS' ANSWER TO THE SECOND CAUSE OF ACTION

10.      These answering Defendants repeat and restate each and every statement and answer with the same force and effect as if set forth in Paragraph "1" through "9" as set forth fully herein.

11.      Deny each and every allegation set forth within Paragraph "100", "101", "102", "103" and "104" of the Complaint.

## AS AND FOR THESE ANSWERING DEFENDANTS' ANSWER TO THE PLAINTIFFS' THIRD CAUSE OF ACTION

12.      These answering Defendants repeat and restate each and every statement and answer as set forth in Paragraphs "1" through "11" with the same force.

13.      Deny each and every allegation as set forth within Paragraphs "106, "107", "108", "109"of the Complaint.

## AS AND FOR THESE ANSWERING DEFENDANTS' ANSWER TO THE PLAINTIFFS' FOURTH CAUSE OF ACTION

14.      These answering Defendants repeat and restate each and every answer as set forth in Paragraphs "1" through "13" with the same force and effect as if set forth fully herein.

15.      Deny each and every allegation as they apply to these Answering Defendants as alleged within Paragraphs "111", "112", "113", "114" and "115" of the Complaint.

**AS AND FOR THE DEFENDANTS' FIRST**
**SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

16.   These Answering Defendants allege as and for their First Separate and Distinct

Affirmative Defense that the Plaintiffs have failed to state a cause of action for which relief may

be granted, particularly as they allege violations of the FLSA and the New York Labor Law.

**AND FOR THE DEFENDANTS' SECOND**
**SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

17.   These Answering Defendants allege as and for their Second Separate and Distinct

Affirmative Defense that the United States District Court lacks subject matter jurisdiction of this

matter with respect to these Defendants in accordance with the provisions of Supplemental

Jurisdiction pursuant to 28 U.S.C Section 1367.

**AND FOR THE DEFENDANTS' THIRD**
**SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

18.   These Answering Defendants allege as and for their Third Separate and Distinct

Affirmative Defense that, as applicable, the allegations set forth within the Plaintiffs' Complaint

are barred by the applicable statute of limitations, and as such this Court lacks jurisdiction for all

claims alleging violations of the FLSA and all New York claims predicated upon Supplemental

Jurisdiction.

**AND FOR THE DEFENDANTS' FOURTH**
**SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

19.   These Answering Defendants allege as and for their Fourth Separate and Distinct

Affirmative Defense that the Plaintiffs' claims are barred by documentary evidence.

## AND FOR THE DEFENDANTS' FIFTH
## SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

20.   These Answering Defendants allege as and for their Fifth Separate and Distinct

Affirmative Defense that the Plaintiffs were considered exempt, salaried employees and

therefore not subject to the requirements of the FLSA and the New York Labor Law.


**WHEREFORE**, it is respectfully requested that the Plaintiffs' Complaint be dismissed in

its entirety, together with such other and further relief as this Court may deem just and proper,.

Dated: Melville, New York
     May 7, 2018


                    GERALD V. DANDENEAU, P.C.


                    By:_____/S/_____
                      Gerald V. Dandeneau
                    Attorneys for Defendants
                    425 Broad Hollow Road
                    Suite 210
                    Melville, New York 11747
                    (631) 454-0606

TO: Hepworth, Gershbaum & Roth, PLLC
    Attorneys for Plaintiffs
    192 Lexington Avenue, Suite 802
    New York, New York 10016