UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

SUNIL TORAMALL, et al.,

                       Plaintiffs,

      V.

MANHATTAN CONSTRUCTION GROUP
LLC, LV CONSTRUCTION SERVICES LLC,
and DEWEY FATTORUSSO,

                       Defendants.

**DEFAULT JUDGMENT**

18 Civ. 1062 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Sunil Toramall, Dante Decapua, Samuel Decapua, Anthony Morrow, Ryan Costa, Jose Mota, Phillip Frieson, and Annamarie Beaulieu, as administrator of the Estate of Brian Beaulieu, commenced this action on February 6, 2018, alleging that Defendants Manhattan Construction Group LLC ("MCG"), LV Construction Services LLC ("LVCS"), (collectively, the "Corporate Defendants"), and Dewey Fattorusso violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the New York Labor Law §§ 190 et seq. (the "NYLL"), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (the "NYCCRR"). (See Cmplt. (Dkt. No. 7)). Fattorusso is alleged to be a member of MCG and LVCS, to have controlled and managed both entities, and to have controlled and managed the terms and conditions of Plaintiffs' employment. (Id. ¶¶ 36-40, 44-53)

        On August 19, 2019, this Court entered an order of default against Defendants MCG and LVCS, and referred the matter to Magistrate Judge Gorenstein for an inquest on damages. (Order of Default (Dkt. No. 51)) Judge Gorenstein has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages to be awarded against the Corporate Defendants. (See R&R (Dkt. No. 58)) As set forth below, the R&R will be

adopted in its entirety.

## BACKGROUND

On January 9, 2019, counsel for Defendants moved to withdraw. (Dkt. No. 28) Judge Gorenstein granted that motion on January 24, 2019, and directed that "[i]f an attorney has not filed a notice of appearance on behalf of the corporate defendants by March 11, 2019, plaintiffs may seek a judgment by default against the corporate defendants. . . ." (Dkt. No. 34) The Corporate Defendants did not obtain counsel, and Plaintiffs moved for a default judgment as to the Corporate Defendants. (Dkt. No. 43) On August 5, 2019, this Court ordered the Corporate Defendants to show cause why a default judgment should not be entered against them, and scheduled a hearing for August 15, 2019. (Order to Show Cause (Dkt. No. 47)). The Corporate Defendants did not file any opposition to Plaintiffs' motion for a default judgment and did not appear at the August 15, 2019 hearing. Accordingly, this Court entered an order of default against Defendant MCG and Defendant LVCS and referred the matter to Judge Gorenstein for an inquest on damages. (Order of Default (Dkt. No. 51)).

On August 20, 2019, Judge Gorenstein directed Plaintiffs to "file Proposed Findings of Fact and Conclusions of Law" that "specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has been established" and "demonstrate how plaintiffs have arrived at the proposed damages figure(s)," including evidentiary support. (Scheduling Order for Damages Inquest (Dkt. No. 52)) Plaintiffs made a detailed submission in support of their request for damages. (See Proposed Findings of Fact and Conclusions of Law (Dkt. No. 56))

On May 28, 2020, Judge Gorenstein issued a thorough R & R, recommending that this Court award Plaintiffs the following amounts:

2

       Sunil Toramall – $52,558.58;

       Dante Decapua – $53,908.57;

       Samuel Decapua – $65,730.72;

       Anthony Morrow – $18,696.86;

       Ryan Costa – $52,050.72;

       Estate of Brian Beaulieu – $28,161.96;

       Phillip Frieson – $12,276.78; and

       Jose Mota – $34,310.36.

(R&R (Dkt. No. 58) at 14)  A copy of the R&R was mailed to Defendant Fattorusso on June 5, 2020.  (Id.)

       Judge Gorenstein's R&R makes clear that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal."  (Id. (emphasis omitted))  Neither side filed objections to the R&R.

## STANDARD OF REVIEW

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object."  DeLeon v. Strack, 234

F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

**DISCUSSION**

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from [June 5, 2020] to file any objections" to this R&R. (R&R (Dkt. No. 58) at 14)  The R&R further states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id. (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Gorenstein's R&R.[1]

Because neither side filed objections to Judge Gorenstein's R&R, the parties have waived judicial review.  The Court has, however, reviewed Judge Gorenstein's fourteen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Gorenstein's R&R will be adopted in its entirety, and default judgment will be entered against the Corporate Defendants.

---

[1] In or about June 2020, Defendant Fattorusso submitted a letter seeking a 120-day extension to file objections to the R&R.  (Undated Def. Ltr. (Dkt. No. 65))  In a September 23, 2020 letter, Fattorusso reiterates his request for an extension of time to file objections, noting that he has not yet obtained counsel.  (Sept. 23, 2020 Def. Ltr. (Dkt. No. 64))  We are now in November 2020, and no lawyer has appeared on behalf of the Corporate Defendants, and no objections to the R&R have been filed.  Given these circumstances, it would not be proper to further delay entry of a default judgment as to the Corporate Defendants.

**CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety and Plaintiffs are awarded the following amounts as against the Corporate Defendants, jointly and severally:

Sunil Toramall – $52,558.58;

Dante Decapua – $53,908.57;

Samuel Decapua – $65,730.72;

Anthony Morrow – $18,696.86;

Ryan Costa – $52,050.72;

Estate of Brian Beaulieu – $28,161.96;

Phillip Frieson – $12,276.78; and

Jose Mota – $34,310.36.

The Clerk of Court is directed not to close this case.

Dated: New York, New York
November 3, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge