UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUNIL TORAMALL, et al.,

                         Plaintiffs,

      V.

MANHATTAN CONSTRUCTION GROUP LLC, LV CONSTRUCTION SERVICES LLC, and DEWEY FATTORUSSO,

                         Defendants.

**ORDER**

18 Civ. 1062 (PGG) (GWG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Sunil Toramall, Dante Decapua, Samuel Decapua, Anthony Morrow, Ryan Costa, Jose Mota, Phillip Frieson, and Annamarie Beaulieu, as administrator of the Estate of Brian Beaulieu, commenced this action on February 6, 2018, alleging that Defendants Manhattan Construction Group LLC ("MCG"), LV Construction Services LLC ("LVCS"), (collectively, the "Corporate Defendants"), and Dewey Fattorusso violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the New York Labor Law §§ 190 et seq. (the "NYLL"), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (the "NYCCRR"). (See Cmplt. (Dkt. No. 7)). Fattorusso is alleged to be a member of MCG and LVCS, to have controlled and managed both entities, and to have controlled and managed the terms and conditions of Plaintiffs' employment. (Id. ¶¶ 36-40, 44-53)

        On August 19. 2019, this Court entered an order of default against Defendants MCG and LVCS, and referred this case to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages. (Dkt. No. 51) On November 4, 2020, this Court adopted in its entirety the Report and Recommendation of Judge Gorenstein, and entered a default judgment against the Corporate Defendants. (Default Judgment (Dkt. No. 67))

1

On February 12, 2021, Plaintiffs filed a motion for summary judgment against the only remaining defendant, Fattorusso, who is proceeding pro se. (Dkt. No. 76) Fattorusso has not filed any opposition to Plaintiffs' motion. On August 4, 2021, this Court referred the motion to Judge Gorenstein for a Report and Recommendation. (Dkt. No. 83) Judge Gorenstein has issued a Report and Recommendation ("R&R") granting Plaintiffs' motion in part. (See R&R (Dkt. No. 84)) As set forth below, the R&R will be adopted in its entirety.

## BACKGROUND

On February 12, 2021, Plaintiffs filed a motion for summary judgment against Defendant Fattorusso seeking an order finding that:

> (1) Defendant violated the Fair Labor Standards Act . . . and New York Labor Law . . . by, illegally paying Plaintiffs their regular hourly rate rather than a rate of time -and - one-half their regular rate of pay;
> (2) Declaring that Fattorusso was an employer as defined by the FLSA and NYLL;
> (3) Awarding Plaintiffs, the difference between their regular and the legally required overtime rate as required by the NYLL and FLSA for all overtime hours worked by Plaintiffs;
> (4) Awarding Plaintiffs liquidated damages under the FLSA and NYLL;
> (5) Ordering Defendants to pay penalties to Plaintiffs pursuant to section NYLL 198§(1)(d) [sic] and NYLL 195§ (3) [sic] by failing to provide wage statements; and
> (6) For such other and further relief as this court may deem just and necessary.

(Pltf. Br. (Dkt. No. 77) at 2)

On September 15, 2021, Judge Gorenstein issued a thorough R&R, finding that Fattorusso is an employer under the NYLL,[1] and that he is liable for the Plaintiff's NYLL unpaid overtime claim. (R&R (Dkt. No. 84) at 10) Judge Gorenstein recommends denying summary judgment with respect to Plaintiffs' claim that Fattorusso failed to provide pay stubs, as Plaintiffs did not submit evidence to support the claim. (Id. at 11) As to damages, Judge Gorenstein

---

[1] The R&R also noted that "[b]ecause the NYLL provides all the relief plaintiffs may obtain on their motion, we do not discuss plaintiffs' FLSA claim." (R&R (Dkt. No. 84) at 7)

2

recommends that this Court award Plaintiffs the following amounts: Sunil Toramall: $47,559.16, Dante Decapua: $48,907.80, Samuel Decapua: $60,732.22, Anthony Morrow: $13,693.50, Ryan Costa: $47,051.56, Phillip Frieson: $9,776.26, Jose Mota: $29,330.62 and Brian Beaulieu: $23,174.56. (Id. at 16) The R&R recommends denying Plaintiffs' request for damages under N.Y. Lab. Law § 195(1), because Plaintiffs did not move for summary judgment on this point. (Id. at 15 n.8) The R&R recommends denying Plaintiffs' request for attorney's fees for the same reason. (Id.) A copy of the R&R was sent by mail to Fattorusso on September 15, 2021. (Id. at 16)

Judge Gorenstein's R&R makes clear that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id. (emphasis omitted)) Neither side filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party

3

fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from [September 15, 2021] to file any objections" to this R&R. (R&R (Dkt. No. 84) at 16)  The R&R further states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id. (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Gorenstein's R&R.

Because neither side filed objections to Judge Gorenstein's R&R, the parties have waived judicial review.  The Court has, however, reviewed Judge Gorenstein's seventeen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Gorenstein's R&R will be adopted in its entirety, and Plaintiffs' motion for summary judgment will be granted in part.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and Plaintiffs are awarded the following amounts:  Sunil Toramall: $47,559.16; Dante Decapua: $48,907.80; Samuel Decapua: $60,732.22; Anthony Morrow: $13,693.50; Ryan Costa: $47,051.56; Phillip Frieson: $9,776.26, Jose Mota: $29,330.62 and Brian Beaulieu: $23,174.56.  (R&R (Dkt. No. 84)

4

Case 1:18-cv-01062-PGG-GWG   Document 85   Filed 09/30/21   Page 5 of 5

5

at 16)  The Clerk of Court is directed to terminate the motion (Dkt. No. 76) and to enter judgment.  The judgment entered by the Clerk should reflect that Fattorusso's liability is joint and several with the Corporate Defendants, and that Plaintiffs are not entitled to duplicate recovery from Fattorusso and the Corporate Defendants.  (<u>See</u> Default Judgment (Dkt. No. 67))

Dated: New York, New York
September 30, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge